NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIF ALI DURRANI,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

Nos.  18-72662
       19-70546

Agency No. A021-763-558

MEMORANDUM[*]

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted April 20, 2021[**]

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

      Arif Ali Durrani, a native and citizen of Pakistan, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision finding him removable and denying his motion to

terminate, his motion to remand, and his application for asylum, withholding of

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT") (petition No. 18-72662) and the BIA's order denying his motion to reopen or reconsider (petition No. 19-70546). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We review de novo legal claims regarding United States citizenship, *Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir. 2001), and claims of due process violations in immigration proceedings, *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to reopen or reconsider. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). We deny the petitions for review.

As to petition No. 18-72662, in his opening brief, Durrani does not challenge the bases for the agency's removability determination, the denial of his motion to remand, or the bases for denying his claims for asylum, withholding of removal, and CAT. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The agency did not abuse its discretion in denying Durrani's motion to terminate where he failed to establish a genuine issue of material fact as to whether he acquired citizenship. *See* 8 U.S.C. § 1252(b)(5)(A). Durrani's contention that the agency violated his right to due process or otherwise erred in its analysis of his

claim fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

As to petition No. 19-70546, the agency did not abuse its discretion in denying Durrani's motion to reopen or to reconsider, where he did not establish prima facie eligibility for relief or identify any error of law or fact in the BIA's prior decision.  *See* 8 C.F.R. § 1003.2(b)(1), (c)(1).

All pending motions are denied.

**PETITIONS FOR REVIEW DENIED.**